IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANK WEBB JR., Plaintiff, vs. THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, Defendant. | ) | CIVIL 16-00233 LEK-RLP |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On August 5, 2016, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "the Commissioner"), filed a Motion to Dismiss Plaintiff's Complaint ("Motion"). [Dkt. no. 7.] Pro se Plaintiff Frank Webb, Jr. ("Plaintiff") did not respond to the Motion. On October 12, 2016, this Court issued an entering order finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Defendant's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint for Damages ("Complaint") on May 13, 2016. Plaintiff alleges that he received Social

Security Supplemental Security Income ("SSI") from April 1992 until May 1997, and he began receiving Social Security Disability Insurance ("SSDI") benefits in June 1997. [Complaint at ¶ 9.] Plaintiff states that, on November 8, 2010, he was "told" by Defendant that: he had been overpaid SSI benefits in the amount of $2,000.00; the Social Security Administration ("SSA") would be withholding $102.00 per month from his benefits until the overpayment was repaid; and the State of Hawai`i began paying his Medicare Insurance premiums as of September 2010. [Id. at ¶ 2.] Plaintiff alleges that the SSA never provided him with "a written statement of the overpayment." [Id.]

On November 14, 2014, Plaintiff went to the SSA's Honolulu office to find out why the SSA was still withholding monthly payments because the $2,000.00 had been paid off. The SSA informed him that he still had thirteen payments remaining. [Id. at ¶ 3.] On December 15, 2014, Plaintiff requested access to records showing the overpayment, but the SSA did not provide the records. [Id. at ¶ 4, Exh. A.]

Plaintiff submits his Form SSA-1099 – Social Security Benefit Statement ("Form 1099") for 2012, 2014, and 2015. The 2012 Form 1099 reflects that no benefits were repaid to the SSA in 2012, and the 2014 Form 1099 reflects the same for 2014. The 2015 Form 1099 reflects repayment of $81.60. [Complaint, Exh. C.] Plaintiff states that his 2011 Form 1099 also reflects

no repayment, although he did not attach a copy of the 2011 Form 1099. He also states that "the other 1099 Form was misplaced." [Complaint at ¶ 5.] In March 2015, Plaintiff called the SSA to ask about why the Form 1099s did not reflect the $102.00 monthly deductions, but was told that the deduction "was a tax credit for low-income people, and that the Plaintiff did not qualify for it." [Id. at ¶ 6.] Plaintiff also requested an appointment to discuss the matter at the office, but the SSA would not give him an appointment. [Id.]

In March 2015, Plaintiff sought help from Senator Mazie Hirono's office. Senator Hirono sent Plaintiff a letter dated August 14, 2015 with documents her office obtained about Plaintiff's overpayment. [Id. at ¶ 7, Exh. B at 4.[1]] Among the documents was a letter dated May 3, 2010 to Plaintiff from the SSA informing him that he had received more SSI payments than he should have and that he owed the SSA $6,813.60 ("5/3/10 Letter"). The 5/3/10 Letter stated that the SSA would withhold $102.00 per month from his Social Security benefits until it collected the full amount. [Complaint, Exh. B at 2.] It also stated that: "If you pay Medicare premiums . . . , we deducted them from your benefits to get the amount you will receive." [Id.] Plaintiff

[1] Exhibit B consists of three different documents, but the exhibit is not consecutively paginated. The page numbers in this Order refer to the page numbers in the district court's electronic case filing system.

emphasizes that the 5/3/10 Letter is addressed to his former residence in Seattle, and he was living in Honolulu at the time of the letter. Plaintiff states that this was the first time he saw the 5/3/10 Letter. [Complaint at ¶ 7.]

Plaintiff received a letter dated October 6, 2015 from the SSA, stating that from May 2010 to September 2015 the SSA collected $6,630.00 from his benefits toward the $6,813.60 overpayment ("10/6/15 Letter"). The 10/6/15 Letter stated that the SSA would deduct $102.00 from his October 2015 benefits, and $81.60 from his November 2015. [Id., Exh. B at 3.] Plaintiff argues that, although the SSA collected the full $6,813.60 overpayment, the SSA failed to reflect the repayments on the Form 1099s. [Complaint at ¶ 8.] In addition, Plaintiff alleges that SSA records state that he did not stop receiving SSI benefits until January 1999, even though he stopped receiving SSI benefits in May 1997. He states that this could have been the cause of the alleged overpayment of SSI benefits. [Id. at ¶ 9.]

Plaintiff brings his claims pursuant to 28 U.S.C. § 2674. [Id. at ¶ 10.] He alleges: willful and intentional deceit because the SSA failed to repay him $331.60 for Medicare premiums it deducted after the State of Hawai`i began paying his premiums ("Count I"); willful and intentional deceit because the SSA told him that the amount of the overpayment was $2,000, when it was actually $6,813.60 ("Count II"); willful and intentional

deceit because the SSA failed to apply the amounts deducted from his monthly benefits to the $6,813.60 overpayment ("Count III"); reckless breach of Defendant's legal duty under 5 U.S.C. § 552a(d) because the SSA failed to provide requested records ("Count IV"); [id. at pgs. 7-9;[2]] reckless and intentional breach of Defendant's legal duty under "Title II (2) of the Social Security Act and Code of Federal Regulation 404-592" based on the failure to properly apply the deducted amounts ("Count V"); [id. at pg. 9;] and reckless infliction of severe mental anguish because Defendant's actions caused him "severe mental agony and pain" ("Count VI") [id. at pg. 10].

Plaintiff requests that this Court: enter judgment in his favor; send a copy of the Complaint to Senator Hirono's office, requesting that Defendant be investigated for possible fraud, or enter an order requiring Defendant to send the Complaint to her office; an award of $25,000,000.00 in general damages; statutory damages; and any other appropriate relief.

In the instant Motion, Defendant argues that this Court must dismiss Plaintiff's claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and Title II of the Social Security Act for lack of subject matter

---

[2] The Complaint does not have page numbers, and not all of the paragraphs are numbered. Where this Order cites the Complaint by page numbers, it refers to the page numbers in the district court's electronic case filing system.

jurisdiction and for failure to state a claim. Defendant urges this Court to dismiss Plaintiff's claims with prejudice.

**DISCUSSION**

## I. Subject Matter Jurisdiction

> Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. A court may determine jurisdiction on a motion to dismiss under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008). A plaintiff has the burden of proving that subject-matter jurisdiction in fact exists. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).
>
> A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [plaintiff's] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

Piedvache v. Ige, Civil No. 16-00138 DKW-RLP, 2016 WL 6516826, at *2 (D. Hawai`i Nov. 2, 2016) (alterations in Piedvache). The traditional motion to dismiss analysis for a Fed. R. Civ. P. 12(b)(6) motion asks whether the plaintiff states a plausible

claim for relief.[3] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).

**A. Sovereign Immunity and FTCA Claims**

Defendant first argues that this Court lacks jurisdiction because there was no waiver of sovereign immunity. This district court has stated:

> Federal courts have no subject matter jurisdiction to hear a claim against the United States, absent a clear waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed" in the text of a statute. United States v. Mitchell, 4[4]5 U.S. 535, 538 (1980) (citation omitted).

Zeeman v. U.S. Dist. Court Dist. of Hawaii Prob. Office, CV 14-00328 RSWL, 2016 WL 1559565, at *3 (D. Hawai`i Apr. 18, 2016). Further, "[a]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Vicente v. Takayama, CV 16-00497 DKW-RLP, 2016 WL 5853724, at *4

[3] Fed. R. Civ. P. 12(b) states, in pertinent part, that "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted."

(D. Hawai`i Oct. 4, 2016) (citing Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001)).

Counts I, II, and III allege willful and intentional deceit, and appear to be fraudulent misrepresentation claims. Plaintiff states that he brings his claims pursuant to the FTCA. [Complaint at ¶ 10.]

> The FTCA waives sovereign immunity of the United States, and permits tort suits for damages against the government "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. It grants district courts jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." [28 U.S.C.] § 1346(b)(1).

Benjamin v. United States, Civ. No. 16-00248 JMS-KSC, 2016 WL 5660400, at *3 (D. Hawai`i Sept. 28, 2016). However, "the United States and its agencies are immune from claims of fraud under the Federal Tort Claims Act." Taylor v. U.S. Patent & Trademark Office, 551 F. App'x 341 (9th Cir. 2013) (citing Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981) (stating that "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h) [of the FTCA]")).[4]

---

[4] Section 2680(h) states that the provisions of the FTCA do not apply to "[a]ny claim arising out of assault, battery, false (continued...)

This Court therefore CONCLUDES that Counts I, II, and III fail to state plausible claims because Defendant's sovereign immunity precludes Plaintiff's misrepresentation claims. This Court therefore lacks subject matter jurisdiction over those claims. The Ninth Circuit has stated that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Because this Court CONCLUDES that it is absolutely clear that no amendment can cure the defect in Plaintiff's fraudulent misrepresentation claims, this Court GRANTS the Motion as to Counts I, II, and III, and DISMISSES those claims WITH PREJUDICE.

**B. Exhaustion Under the FTCA**

Count VI is titled "Reckless Infliction of Sever[e] Mental Anguish." [Complaint at pg. 10.] This Court liberally construes Count VI, in the context of the Complaint as a whole,

---

[4](...continued) imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Section 2680(h) contains an exception for "acts or omissions of investigative or law enforcement officers of the United States Government," but it is inapplicable based on the factual allegations in the Complaint.

as a claim for intentional infliction of emotional distress ("IIED").[5] The Ninth Circuit has stated:

> Notably absent from this list [in § 2680(h) of intentional claims excluded], for our purposes, is intentional infliction of emotional distress. Although "a claim based on conduct constituting the tort of intentional infliction of emotional distress is not excluded . . . by § 2680(h)," it is barred by § 2680(h) if "in substance the conduct relied upon constituted a specifically excluded tort." Sheehan v. United States, 896 F.2d 1168, 1172 (9th Cir. 1990); see also Sabow v. United States, 93 F.3d 1445, 1456 (9th Cir. 1996) ("We focus our § 2680(h) inquiry on whether conduct that constitutes an enumerated tort is 'essential' to a plaintiff's claim.").

Xue Lu v. Powell, 621 F.3d 944, 951–52 (9th Cir. 2010). Thus, it is possible for Plaintiff to bring an IIED claim against Defendant.

Defendant argues that this Court does not have subject matter jurisdiction over Count VI because Plaintiff failed to exhaust his administrative remedies, as required by the FTCA. Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

---

[5] This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

> employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and "must be strictly adhered to" because the FTCA's waiver of sovereign immunity "must be strictly construed in favor of the United States." Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (citation and internal quotation marks omitted). If a claim brought under the FTCA has not been properly exhausted, the district court must dismiss it for lack of subject matter jurisdiction. See Goodman v. United States, 298 F.3d 1048, 1054–55 (9th Cir. 2002).

Plaintiff's Complaint does not plead any facts addressing whether he exhausted his administrative remedies. This Court therefore CONCLUDES that it does not have subject matter jurisdiction over Count VI.

Defendant's Motion includes a declaration which Defendant contends establishes that the SSA has never received an administrative tort claim from Plaintiff. [Mem. in Supp. of Motion at 7, Decl. of Brandon Dell'Aglio in Supp. of Def.'s Motion to Dismiss ("Dell'Aglio Decl.").]

As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citations and internal quotation marks omitted). Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10–00590 DAE–BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[6] The Dell'Aglio Declaration is not a document on which Plaintiff's Complaint necessarily relies, and this Court – in the exercise of its discretion – declines to convert the instant Motion into a motion for summary judgment. This Court therefore will not consider the Dell'Aglio Declaration in ruling on the instant Motion.

Based on the allegations in the Complaint, this Court CONCLUDES that it is arguably possible for Plaintiff to cure the defect in Count VI by amending his Complaint to allege facts

[6] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681–82 (9th Cir. 2006) (per curiam).

showing that the exhaustion requirement is satisfied. The Motion is therefore GRANTED IN PART AND DENIED IN PART as to Count VI. The Motion is GRANTED insofar as Count VI is DISMISSED, and it is DENIED insofar as the dismissal is WITHOUT PREJUDICE.

### C. Claim Under the Social Security Act

Count V alleges reckless and intentional breach of Defendant's legal duty under "Title II (2) of the Social Security Act and Code of Federal Regulation 404-592" based on the failure to properly apply the amounts deducted from Plaintiff's benefits. To the extent that Count V attempts to assert an affirmative claim for relief to recover amounts that Plaintiff alleges were improperly withheld from his Title II disability benefits, the Social Security Act does not authorize such claims. 42 U.S.C. § 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. **No action against the United States[ or] the Commissioner of Social Security . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.**

(Emphasis added.) This district court has stated:

> The United States Supreme Court has found that Section 405(g) provides the exclusive mechanism for bringing Social Security Act claims

> in federal court.[7] Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000). Section 405(h) bars all other claims, including claims that are "inextricably intertwined" with a claim for Social Security benefits or if the "substantive basis" of the claim is the Social Security Act. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984).

Berry v. Comm'r of Soc. Sec. Admin., CIVIL NO. 14-00414 HG-RLP, 2016 WL 727104, at *7 (D. Hawai`i Feb. 23, 2016). Thus, this Court CONCLUDES that, to the extent Count V attempts to assert an affirmative claim for relief based on withheld benefits, it is barred by § 405(h), and this Court lacks subject matter jurisdiction over Plaintiff's claim.

This Court also liberally construes Count V as an attempt to appeal the SSA's decision to withhold benefits or the manner in which the SSA applied the withheld benefits. Under § 405(g), however:

> Decisions are . . . not subject to review "unless they challenge a 'final decision of the Secretary made after a [statutorily mandated] hearing.'" Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013) (alteration in Dexter) (some citations

---

[7] 42 U.S.C. § 405(g) governs judicial review of social security decisions. It states, *inter alia*:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

> omitted) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)).
>
> "A final judgment consists of two elements: the presentment of a claim to the Secretary[[8]] and the exhaustion of administrative remedies." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993). . . .

Morando v. Colvin, Civil No. 13–00485 LEK–KSC, 2014 WL 2215922, at *3 (D. Hawai`i May 28, 2014) (some alterations in Morando). This district court has described the exhaustion process for social security claims as follows:

> The Social Security Administration's regulations require a claimant to complete a four-step administrative review process to present a claim and obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). If the claimant does not pursue all levels of administrative review, the claimant is bound by the unappealed administrative determination. 20 C.F.R. § 416.1400(b).
>
> At the first agency level, the Social Security Administration makes an initial determination about the claimant's entitlement to benefits. 20 C.F.R. § 416.1402. If the claimant is dissatisfied with the initial determination, he or she may ask for reconsideration within 60 days. 20 C.F.R. § 416.1407; 20 C.F.R. § 416.1409(a). If the claimant is dissatisfied with the reconsideration determination, he or she may, within 60 days, request a hearing before an Administrative Law Judge. 20 C.F.R. §§ 416.1429, 416.1433.

---

[8] "In 1994 amendments to 42 U.S.C. § 405 replaced references to the Secretary of Health and Human Services with the Commissioner of Social Security. We refer to the Commissioner in discussing pre–1994 decisions." Chapman v. Apfel, 236 F.3d 480, 484 n.7 (9th Cir. 2000).

> If the claimant is dissatisfied with the decision of the Administrative Law Judge, he or she may, within 60 days, request that the Appeals Council review the decision. 20 C.F.R. §§ 416.1467, 416.1468. Only after the Appeals Council either issues its own decision, or denies the request for review, has the claimant completed all the administrative steps. 20 C.F.R. § 416.1400(a)(5).
>
> Only upon the completion of the full administrative review process is there a "final decision of the Commissioner" that triggers the right to judicial review. 42 U.S.C. §§ 405(g), 42 U.S.C. § 1383(c); 20 C.F.R. § 416.1400(a)(5).

Berry, 2016 WL 727104, at *8.

Although the presentment requirement is a non-waiveable, jurisdictional requirement, see Bowen v. City of New York, 476 U.S. 467, 482-83 (1986), the exhaustion requirement is subject to waiver by the Commissioner or the courts. Johnson, 2 F.3d at 921.

> The Ninth Circuit has "adopted a three-part test for determining whether a particular case merits judicial waiver of § 405(g)'s exhaustion requirement. The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003) (internal quotation marks and citations omitted).

Morando, 2014 WL 2215922, at *3.

Plaintiff's Complaint does not contain any allegations which would establish that: he presented his appeal regarding the withheld benefits to Defendant; and he exhausted his

administrative remedies or Defendant waived the exhaustion requirement. Further, nothing in the Complaint would support judicial waiver of the exhaustion requirement. This Court therefore CONCLUDES that it lacks subject matter jurisdiction over Count V, to the extent that Count V attempts to bring an appeal pursuant to § 405(g).

To the extent that Count V attempts to assert an affirmative claim for relief, this Court CONCLUDES that it is absolutely clear that Plaintiff cannot cure the defects in his claim by amendment. Thus, this Court GRANTS the Motion insofar as that portion of Count V is DISMISSED WITH PREJUDICE. To the extent that Count V attempts to assert a § 405(g) appeal of a benefits decision, this Court CONCLUDES that it is arguably possible for Plaintiff to cure the defects in his appeal by amendment. Thus, this Court GRANTS the Motion insofar as that portion of Count V is DISMISSED, but it DENIES the Motion insofar as the dismissal is WITHOUT PREJUDICE.

## II. Failure to State a Claim

Because this Court has dismissed all of the claims addressed in Defendant’s Motion for lack of subject matter jurisdiction, this Court does not reach the portion of the Motion based on Rule 12(b)(6).

**III. <u>Summary and Leave to Amend</u>**

This Court has dismissed Counts I, II, III, and the portion of Count V which attempts to allege an affirmative claim for relief with prejudice. This Court has dismissed the portion of Count V which attempts to assert a § 405(g) appeal and Count VI without prejudice. This Court notes that the Motion did not address Count IV, which alleges that Defendant violated 5 U.S.C. § 552(d). This Order therefore makes no findings or conclusions regarding the merits of Count IV, which remains pending before this Court.

Insofar as the dismissal of the portion of Count V asserting a § 405(g) appeal and the dismissal of Count VI are without prejudice, this Court will allow Plaintiff to file a motion for leave to file an amended complaint ("Motion for Leave"). Plaintiff must attach his proposed amended complaint to the Motion for Leave. <u>See</u> Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."). This Court ORDERS Plaintiff to file his Motion for Leave by **January 19, 2017**. The Motion for Leave will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that his proposed amended complaint must state **his § 552a(d) claim, his IIED claim, and his**

**claim asserting a § 405(g) appeal, as well as all of the facts and all of the legal theories that these claims rely upon.** Plaintiff cannot rely upon or incorporate by reference any portion of his original Complaint. **This Court will not consider Plaintiff's amended complaint collectively with his prior filings in this case.**

This Court also CAUTIONS Plaintiff that, if he fails to file his Motion for Leave by **January 19, 2017**, the IIED claim and the claim asserting a § 405(g) appeal – which this Court dismissed without prejudice in this Order – will be dismissed with prejudice. In that instance, Plaintiff's § 552a(d) claim in the original Complaint will be the only claim remaining in this case. Further, this Court CAUTIONS Plaintiff that, even if the magistrate judge grants his Motion for Leave and allows him to file his proposed amended complaint, this Court may still dismiss the amended IIED claim and/or the amended claim asserting a § 405(g) appeal with prejudice if Plaintiff fails to cure the defects identified in this Order.

**CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint, filed August 5, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: 1) Counts I, II, III, V, and VI are DISMISSED; and 2) the dismissal of Counts I, II, and III, and the portion of

Count V alleging an affirmative claim for relief is WITH PREJUDICE. The Motion is DENIED insofar as the dismissal of the portion of Count V asserting a § 405(g) appeal and the dismissal of Count VI is WITHOUT PREJUDICE. This Court does not construe Defendant's Motion as seeking the dismissal of Count IV, and that claim remains pending in this case.

Plaintiff must file his motion for leave to file an amended complaint by **January 19, 2017**, and the motion must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 23, 2016.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANK WEBB, JR. V. UNITED STATES SOCIAL SECURITY ADMINISTRATION; CIVIL NO. 16-00233 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**