IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANK WEBB JR., | ) | CIVIL 16-00233 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING CLAIMS WITH PREJUDICE AND DIRECTING THE PARTIES TO FILE LETTER BRIEFS REGARDING THE REMAINING CLAIM**

On November 23, 2016, this Court issued the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's Complaint ("11/23/16 Order").[1]  [Dkt. no. 10.]  The 11/23/16 Order dismissed without prejudice: the portion of Count V in which pro se Plaintiff Frank Webb Jr. ("Plaintiff") attempts to assert a 42 U.S.C. § 405(g) appeal; and Count VI, Plaintiff's intentional infliction of emotional distress ("IIED") claim.[2]  This Court noted that Defendant's Motion to Dismiss did not address Count IV, which alleges that Defendant violated 5 U.S.C. § 552(d).  This Court dismissed the remainder of Plaintiff's claims with prejudice.  [11/23/16 Order at 18.]  This

---

[1] Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant"), filed her Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") on August 5, 2016.  [Dkt. no. 7.]

[2] Plaintiff filed his Complaint for Damages ("Complaint") on May 13, 2016.

Court allowed Plaintiff to file a motion seeking leave to file an amended complaint as to Count IV, the remaining portion of Count V, and Count VI.  The deadline for Plaintiff's motion for leave was January 19, 2017.  This Court cautioned Plaintiff that: 1) if he failed to timely file his motion seeking leave to file an amended complaint, all of his claims in the Complaint that this Court dismissed without prejudice in the 11/23/16 Order would be dismissed with prejudice; and 2) even if the magistrate judge allowed him to file an amended complaint, this Court could still dismiss the amended IIED claim and/or the amended claim asserting a § 405(g) appeal with prejudice, if Plaintiff failed to cure the defects in that claim which this Court identified in the 11/23/16 Order.  [Id. at 18-19.]

     As of the date of this Order, Plaintiff has not filed a motion for leave to file an amended complaint.  Thus, Plaintiff has not cured the defects in either his IIED claim or his claim attempting to assert a § 405(g) appeal that this Court identified in the 11/23/16 Order.  This Court therefore has the discretion to dismiss those claims with prejudice.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P.

41(b)).[3]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[4] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, this Court finds that Defendant will not be prejudiced by the dismissal of the two claims, and there are no less drastic alternatives available at this time.  Count VI and the remaining portion of Count V – which this Court previously dismissed without prejudice – are HEREBY DISMISSED WITH PREJUDICE.

In light of the instant Order, the only remaining claim in this case is Count IV of the Complaint.  This Court ORDERS Defendant to file an answer to the Complaint, as to Count IV

---

[3] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[4] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

only, by no later than **February 13, 2017**.

In addition, this Court ORDERS the parties to submit letter briefs addressing how the remaining claim will be litigated. Plaintiff's letter brief and Defendant's letter brief must each be three pages or less, and each party must submit his or her respective letter brief directly to this Court's chambers by no later than **March 1, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 25, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANK WEBB, JR. VS. THE UNITED STATES SOCIAL SECURITY ADMINISTRATION; CIVIL 16-00233 LEK-RLP; ORDER DISMISSING CLAIMS WITH PREJUDICE AND DIRECTING THE REMAINING CLAIM**