IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANK WEBB JR., | ) | CIVIL 16-00233 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| NANCY A. BERRYHILL, Acting Director of Social Security, | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR
RELIEF PURSUANT TO FED. R. CIV. P. 60**

Before the Court is pro se Plaintiff Frank Webb Jr.'s ("Plaintiff") "Order to Show Cause, Not to Dismiss Plaintiff Case," filed on June 14, 2017, which has been construed as a motion for relief pursuant to Fed. R. Civ. P. 60 ("Motion"). [Dkt. nos. 20 (Motion), 21 (entering order ("EO") construing Motion).] Defendant Nancy A. Berryhill, Acting Director of Social Security ("Defendant"), filed her response on July 6, 2017. [Dkt. no. 22.] The Court has considered the Motion as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiff's Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint for Damages ("Complaint") on May 13, 2016. [Dkt. no. 1.] Defendant Carolyn W. Colvin,

Acting Commissioner of Social Security, filed her Motion to Dismiss Plaintiff's Complaint on August 5, 2016 ("8/5/16 Motion to Dismiss").[1]  [Dkt. no. 7.]  On November 23, 2016, this Court issued an order granting in part and denying in part the 8/5/16 Motion to Dismiss ("11/23/16 Order").  [Dkt. no. 10.]  The 11/23/16 Order dismissed without prejudice: the portion of Count V in which Plaintiff attempted to assert a 42 U.S.C. § 405(g) appeal; and Count VI, Plaintiff's intentional infliction of emotional distress ("IIED") claim.  It also noted that the 8/5/16 Motion to Dismiss did not address Count IV, which alleged that Defendant violated 5 U.S.C. § 552a(d).  Plaintiff was allowed to file a motion seeking leave to file an amended complaint that included his § 552a(d) claim, his IIED claim, and his claim asserting a § 405(g) appeal ("Motion for Leave") by January 19, 2017.  [11/23/16 Order at 18-19.]

Plaintiff did not file a Motion for Leave.  On January 25, 2017, this Court issued an order that, among other things, dismissed Count VI and the remaining portion of Count V with prejudice and directed the parties to submit letter briefs addressing how Count IV – the § 552a(d) claim – would be litigated ("1/25/17 Order").  [Dkt. no. 12.]  On February 2, 2017, Defendant filed a Motion to Dismiss Count IV of Plaintiff's

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security ("Defendant") and has been substituted as the defendant in this case pursuant to Fed. R. Civ. P. 25(d).

2

Complaint ("2/2/17 Motion to Dismiss"), which this Court denied without prejudice to the filing of a motion for summary judgment addressing the same issues. [Dkt. nos. 13 (2/2/17 Motion to Dismiss), 14 (EO denying motion).]

Plaintiff failed to submit a letter brief in response to the 1/25/17 Order and, on May 11, 2017, this Court issued the Order to Show Cause Why the Case Should Note Be Dismissed for Failure to Prosecute ("5/11/17 OSC"). [Dkt. no. 17.] Plaintiff did not respond to the 5/11/17 OSC. On June 14, 2017, this Court issued the Order Dismissing Claim with Prejudice and Directing that the Case Be Closed ("6/14/17 Order"). [Dkt. no. 18.] The Judgment in a Civil Case ("Judgment") was issued later that day. [Dkt. no. 19.]

The Motion seeks to vacate the Judgment, re-open the case, and allow Plaintiff to litigate his case because he was unable to prosecute his claims due to serious health and housing issues, which are described more fully in the Motion.

## DISCUSSION

I. **Plaintiff's Motion**

Fed. R. Civ. P. 60(b) states, in relevant part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).[2] Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006) (some alterations in Latshaw).

Plaintiff's case was dismissed with prejudice for failure to prosecute. He states that he was unable to prosecute this case because of his health issues and the fact that he became homeless. Defendant assumes that Plaintiff's statements are true and does not object to his request for Rule 60 relief. [Response at 2.] Plaintiff has therefore established both "injury and circumstances beyond his control that prevented him from" prosecuting the case. See Tani, 282 F.3d at 1168. This Court concludes that Rule 60(b)(6) relief is appropriate in this case.

When a court grants a Rule 60(b) motion, it must be on "just terms." Defendant argues that this Court should only grant

---

[2] Washington, 394 F.3d 1152, was overruled on other grounds in a subsequent appeal. 593 F.3d 790 (9th Cir. 2010).

4

the Motion as to Plaintiff's § 552a(d) claim, and should require Plaintiff to address the issues raised in the 2/2/17 Motion to Dismiss before it grants Rule 60(b)(6) relief.  The circumstances described in the Motion, however, likely prevented Plaintiff from filing the Motion for Leave regarding his IIED claim and his claim asserting a § 405(g) appeal as well as from prosecuting his § 552a(d) claim.  Moreover, Defendant will not be unduly prejudiced because it can file a motion to dismiss the amended complaint based on, among other things, the issues raised in the 2/2/17 Motion to Dismiss.  This Court therefore declines to impose the restrictions requested in Defendant's Response.  Over Defendant's objection, Plaintiff's Motion is granted insofar as this Court will allow him to file an amended complaint asserting his § 552a(d) claim, his IIED claim, and his claim asserting a § 405(g) appeal.

## II. <u>Instructions to the Parties</u>

### A. <u>Amended Complaint</u>

Plaintiff must file his amended complaint by **October 10, 2017.**  The amended complaint must include all of the factual allegations that his claims rely upon.  In other words, Plaintiff cannot incorporate any portion of his original Complaint into his amended complaint by merely referring to the original Complaint.  This Court CAUTIONS Plaintiff that he does not have the Court's permission to add any new parties or new

5

claims in the amended complaint.  In addition, Plaintiff's amended complaint should address: the defects in his IIED claim and his § 405(g) appeal that this Court identified in the 11/23/16 Order; and the issues Defendant raised in the 2/2/17 Motion to Dismiss.

This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **October 10, 2017**, his case will be dismissed for failure to prosecute.

   B.   **Plaintiff's Contact Information**

If Plaintiff's address changes while this case is pending, he must inform Defendant's counsel and the Court about the change.  Local Rule 83.1(h) states, in relevant part:

> A *pro se* party shall . . . file and serve on all other parties who have appeared in the action any change of address, and the effective date of the change.  The notice required by this rule shall be filed within fourteen (14) days of the change.  Failure to comply with this rule may result in sanctions, including but not limited to monetary fines, dismissal of the case, or entry of a judgment.

If Plaintiff is unable to receive mail at any address, he may file a notice with a telephone number where he can be contacted when court filings are available for him to pick up at the Clerk's Office during regular business hours.  If Plaintiff is unable to provide either a mailing address or a telephone number, he must file a notice informing Defendant's counsel and the Court of the situation.  Plaintiff will then be responsible for

periodically contacting the Clerk's Office – at least once a week – to find out of if there are court filings available for him to pick up.

If Plaintiff files either a notice that he does not have a mailing address or a notice that he does not have either a mailing address or a telephone number, Defendant may serve filings on Plaintiff by leaving them at the Clerk's Office. Service on Plaintiff in this manner will only be effective if Defendant: delivers Plaintiff's copies of Defendant's filings to the Clerk's Office; and informs Plaintiff that one of Defendant's filings is available for him at the Clerk's Office, if Plaintiff has provided a telephone number.  Defendant's certificate of service must certify compliance with these requirements.  If Defendant fails to comply with these requirements, the filing will not be considered to have been served on Plaintiff and the filing may be stricken.

## **CONCLUSION**

On the basis of the foregoing, pro se Plaintiff Frank Webb Jr.'s "Order to Show Cause, Not to Dismiss Plaintiff Case," filed June 14, 2017, which has been construed as a motion for relief pursuant to Fed. R. Civ. P. 60, is HEREBY GRANTED. The Judgment in a Civil Case, [filed 6/14/17 (dkt. no. 19),] is VACATED, and the Clerk's Office is DIRECTED to re-open the case. The Court also SETS ASIDE the portion of its January 25, 2017

order dismissing Plaintiff's claims with prejudice and its June 14, 2017 order.  [Dkt. nos. 12, 18.]

Plaintiff may file an amended complaint, consistent with the terms of this Order, by **October 10, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 16, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANK WEBB JR. VS. NANCY A. BERRYHILL, ETC; CIVIL 16-00233 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60**